GORE
*vs*
PETTIT & ROSS.

---

## Gore *vs* Pettit and Ross.

ERROR TO THE FRANKLIN CIRCUIT.

*Appeals and Writs of Error.*

JUDGE EWING delivered the Opinion of the Court.

GORE sued Pettit and Ross, by petition and summons, on a note for $300; Pettit made default, and Ross appeared and pleaded several matters which went to his discharge, upon which issues were taken, and a jury sworn to enquire of damages as to Pettit, and to try the issue as to Ross, who found a virdict against the former and in favor of the latter. But the jury fee not being paid by either of the parties, no judgment was rendered on the virdict. Gore moved for a new trial, which was overruled by the Court, and he has brought the case to this Court.

The counsel for Ross now moves the Court to quash the writ of error, upon the ground that no *final judgment* has been rendered in the Court below. We think this motion must be sustained.

No writ of error lies to this Court except in cases where a final judgment is rendered in the Court below: *Stat. Law,* 134.

This provision is in no respect repealed or modified by the statute of 1837: *Acts* 1836–7, *p.* 278. This statute provides that the jury fee shall be paid down by the successful party, before a judgment shall be rendered in his favor, but cannot be construed to confer a privilege on the unsuccessful party to take an appeal or writ of error *before* the judgment is rendered though it should not be

EJECTMENT.

*Case* 9.

*September,* 17.

The case stated.

No writ of error lies to this Court, unless the judgment rendered by the Court below is final.

Altho' the statute of 1836–7, provides for the payment of the jury fee, by the *successful party;* yet it is not to be construed to give any right to the *unsuccessful par-*

BMonroe
2bm 26
120  207

*ty to prosecute an appeal or writ of error, until it is paid, by some one, and final judgment.*

rendered by the omission or refusal of the successful party to pay the jury fee.

If the unsuccessful party desired to hasten the judgment, so as to avail himself of the privilege of appeal or writ of error, he might have resorted to those means provided by the statute to coerce the payment of the jury fee, or have paid it himself, so as to authorize a final judgment; but without it, could not bring the case here for revision.

The writ of error is therefore quashed with costs.

*Hewitt* for plaintiff: *Cates and Lindsey* for defendants.